# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0083
No. 1D2023-0085

_____

STATE OF FLORIDA,

    Appellant,

    v.

ROBERT LEE DENNARD III,

    Appellee.

_____

On appeal from the County Court for Gadsden County.
Kathy J. Garner, Judge.

May 22, 2024

WINOKUR, J.

Robert Lee Dennard III was arrested for driving under the influence (DUI) and cited with a traffic violation. After Dennard successfully moved to suppress dispositive evidence, the State filed this appeal. We reverse.

On December 14, 2019, Dennard was stopped by an officer of the Quincy Police Department. The officer observed Dennard failing to maintain his lane of traffic and going over the center lane and fog line on the road. After observing Dennard's behavior, the officer conducted a traffic stop and immediately deduced that Dennard was driving while impaired.

Dennard was cited for failing to maintain his traffic lane, driving with a suspended license, and DUI. He was later charged with DUI and driving with a suspended license. However, Dennard never proceeded to trial because he moved to suppress all the evidence obtained from his traffic stop. The trial court held an evidentiary hearing on the motion, where it heard testimony from Dennard and the arresting officer. The court orally announced its ruling, stating that "[a]fter hearing testimony of the witnesses, argument of the attorneys, this Court finds that the State has not met its burden by clear and convincing evidence. As a result, this Court grants the defense's motion to suppress." A similarly inadequate written order was later entered. This appeal followed.

The State argues that the trial court's failure to provide factual findings, either orally or in writing, to support its conclusion in granting a dispositive motion to suppress was erroneous. We agree.

We review a trial court's findings of fact for competent, substantial evidence and the legal conclusions de novo. *See Tyson v. State*, 351 So. 3d 1184, 1186 (Fla. 1st DCA 2022). But when a trial court fails to provide an adequate record from which this Court can conduct its review, we must reverse. *See State v. Moore*, 791 So. 2d 1246, 1250 (Fla. 1st DCA 2001) (citing *State v. Shaw*, 784 So. 2d 529 (Fla. 1st DCA 2001)).*

Accordingly, the trial court's order granting Dennard's motion to suppress is REVERSED and REMANDED for the trial court to explain on the record its factual findings.

---

* In making this decision, we note that "[a] seizure for a traffic violation justifies a police investigation of that violation." *Rodriguez v. United States*, 575 U.S. 348, 354 (2015).

LEWIS and M.K. THOMAS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Ashley Moody, Attorney General, and Robert "Charlie" Lee, Assistant Attorney General, Tallahassee; Jack Campbell, State Attorney, Tallahassee, and Caroline M. Nelson, Assistant State Attorney, Quincy, for Appellant.

Jessica J. Yeary, Public Defender, and Justin F. Karpf, Assistant Public Defender, Tallahassee, for Appellee.